E. BLUMBERG v. C. MAUER.

1. Mistake of fact is corrected by the rules and principles of equity ; and it is only as between the original parties, or those who claim in privity under the original parties, that equity will correct mistakes in written instruments.

2. Though law and equity are blended in the judicial system of this State, there is neither an abrogation nor a modification of the principles of either the one or the other.

3. Calls for a known corner and a known line will control other calls in a grant, unless it clearly appears that the parties actually established upon the ground a different corner and line.

4. When there was no privity between two purchasers from the same vendor, and no fraud is imputable to either of the purchasers, the first purchaser cannot hold the second responsible for a mistake or fraud of their vendor, whereby land which should have been conveyed to the first has actually been conveyed to the second purchaser, in consequence of the actual survey for the first purchaser having been commenced on an adjoining tract belonging to a different proprietor.

5 A conveyed to B one hundred and eighty acres of land out of a designated tract, and described the one hundred and eighty acres as beginning at the S. E. corner of the designated tract, and running with its east line to its N. E. corner, and thence by other lines which would delineate a parallelogram ; and an actual survey was made and marked out by A to B, in conformity, as they believed, with the calls of the deed. Subsequently, A conveyed to C another portion of the same designated tract, describing this portion as beginning at the S. W. or last corner of B's tract, and adopting B's west line as the first line of C's survey ; and an actual survey was made and marked off by A to C, in conformity with the latter's deed, and assuming that B's deed and survey coincided with each other. But it was afterwards ascertained that A, in the survey to B, had misplaced the beginning corner, and, instead of establishing it at the S. E. corner of the tract designated, had placed it so far over on land of an adjacent proprietor that but a small portion of the survey to B was any part of the land conveyed to him ; · by means whereof, and of the adoption in C's survey of the west line of B's survey, it resulted that the survey to C really comprised the larger part of the land described in the deed to B. *Held*, that B has no remedy as against C, there being no privity between them, and no fraud being imputable to C. Their vendor is the party responsible to B.

APPEAL from Guadalupe. Tried below before the Hon. J. J. Thornton.

This action was brought by Ernst and F. Blumberg against C. Mauer in the District Court of Guadalupe county, on the 3d of December, 1866. The petition was in the form of trespass to try title, though the suit was in substance for the correction of mistake and rectification of boundaries.

Both plaintiffs and the defendant were purchasers from A. Swift, who, on the 26th of September, 1853, conveyed by deed to C. Blumberg one hundred and eighty acres off of the east end of the tract of land conveyed to Swift by Edward Murphy ; and by another deed to Mauer, of the same date, Swift conveyed to him one hundred and eighty acres, also of the same tract,

to adjoin Blumberg. The calls of these conveyances are particularly set out in the opinion. Though dated the same day, the deed to Mauer referred to the deed to Blumberg, and described the land conveyed to Mauer as adjoining that previously conveyed to Blumberg; by which it appears that the deed to Blumberg was first made. Actual surveys were made by Swift both to Blumberg and Mauer. The entire controversy arose out of the mistake made by Swift in establishing the beginning point of his survey to Blumberg. That point should have been the south-east corner of the Edward Murphy nine hundred and sixty acre tract, out of which the land conveyed both to Blumberg and to Mauer was to be taken. Instead of starting at that corner, Swift, by mistake as to its locality, started at a point five hundred varas to the east of it, on land belonging to another person. The result of this mistake was that only one-sixth of the land conveyed to Blumberg was included in the survey made to him; and as the survey made to Mauer was based on the survey made to Blumberg, the consequence was that Mauer was put in possession of one hundred and fifty acres of the land called for in Blumberg's deed, though not included in Blumberg's survey.

The record does not show when the mistake was discovered. It was agreed that the purchases of Blumberg and Mauer were entirely independent of each other, and that there was no privity between them. The conveyances to each of them from Swift contained the usual general warranty of title. No element of fraud appears in the case. Swift was not made a party.

A jury was waived in the court below, and judgment was there rendered in favor of Mauer, with a decree quieting him in his title and possession of the land surveyed to him. The plaintiffs, claiming under C. Blumberg, appealed. The opinion of the court now reported was rendered upon a rehearing of the case, explained in the opinion itself.

The reporter regrets that space cannot be afforded for the very able arguments filed by the counsel in this cause.

*W. E. Goodrich,* for the appellant.

*John P. White,* for the appellee.

OGDEN, J.   This cause was before this court in 1869, and after a somewhat lengthy and able argument by counsel, in favor of and against the judgment, and a very careful and thorough investigation by the court, the cause was decided by a majority of the court then sitting.   A motion for a rehearing was then prepared, but for some cause was not acted upon by the court, until the next term.   The rehearing was asked for the reason, among others, that at the time of the decision, the Supreme Court, by a provision of the then existing Constitution of the State, was composed of five judges, and that this case was decided when but three were sitting on the bench, and that the decision was concurred in by but two of the judges, the third dissenting, and therefore it is claimed that the cause was not decided by a constitutional majority of the court.   The application for a rehearing was granted, and the cause is again submitted for decision.

On the trial in the lower court, a jury was waived, and the cause submitted on the law and the facts of the case, and therefore the case is now before this court for a final determination. Upon a careful examination of all the facts, aided by the able arguments and briefs of counsel, as well as the former opinion of a majority of this court then sitting, we have been unable to come to the same conclusion in regard to the law of the case as was arrived at on the former hearing.   And while we fully indorse and approve the principles of law there enunciated, as correct legal maxims when applied to a proper state of facts, we are still unable to perceive the full force of their application to the case at bar.   We are unable to free ourselves from an irresistible conviction that this suit was instituted against the wrong party, which was plainly apparent from the pleadings, and was therefore the proper subject for demurrer.

There appears to be no question but that the appellant has sustained an injury, and is most clearly entitled to his remedy, and the only material question for decision in this case is, from whom is he entitled to that remedy? Is it the party who was the direct cause and author of the injury, from whom the remedy must come? or has the injured party a right, in law or equity, to look to innocent third parties for the redress of his wrongs? In his dissenting opinion, delivered at the former decision of this case, Justice Lindsay very concisely states the facts of this case, and, in our opinion, the law which should be applied to those facts, and we therefore take the liberty of extracting to some extent from that able opinion, and of adopting the same as the opinion of this court, after a careful examination of the facts, as well as the elementary authorities and decisions upon the law applicable to those facts.

The facts of the case, so far as they are necessary to a proper understanding of this opinion, are simply these: A. Swift conveyed to appellant one hundred and eighty acres of land, to be taken from a certain portion of a nine hundred and sixty acre tract; but in his deed, wherein he professes to convey that specific number of acres by actual survey, he includes only a small portion of his own land, and for the balance he runs over on the adjacent land of P. D. Smith. The land thus described and attempted to be conveyed was actually surveyed, and the boundary lines plainly and distinctly marked out on the ground. In this conveyance there was obviously either fraud or mistake committed by the vendor, since he had no power or authority to convey any portion of the Smith tract. Subsequently Swift sold another one hundred and eighty acres to the appellee, defining the same by specific boundaries definitely marked upon the ground, which were produced also by actual survey, and which made one of the lines of appellant's tract also one of the lines of appellee's survey, and including within those distinctly marked boundaries, land belonging to the vendor only. There was no fraud or mistake in the sale to appellee. The vendor intended to sell, and had a right to sell, the identical land described in

appellee's deed, and the appellee intended to, and did purchase that identical land.

How, then, can appellee be affected by the fraud or mistake in appellant's purchase, and how can appellee be made responsible for that fraud or mistake, practiced upon appellant by a third party? Justice Lindsay in his opinion very properly says: " Mistake of facts is corrected by the rules and principles of " equity. Because law and equity are blended in one system, " there is neither an abrogation nor a modification of the prin- " ciples of the one system or the other, by reason of the practi- " cal application of each in the same cause of action. Each " system has its limits and its boundaries, beyond which neither " can go without transcending judicial authority, and encroach- " ing upon the province of the law-giver. It is said by undis- " puted authority that 'in all cases of mistake in written instru- " ' ments, courts of equity will interfere only between the origi- " ' nal parties, or those claiming under them in privity.' (Story's Eq. Jurisprudence, Section 165.) "

There was no contract between appellant and appellee in regard to the land, and neither was privy to the other's contract, and, so far as the record informs us, neither may have known of the other's contract of purchase until the institution of this suit, and it is admitted that both were innocent purchasers, for a valuable consideration, without notice of any equities in favor of the other; and therefore, if either has suffered any wrong or injury by reason of the fraud or mistake of their vendor, he must look to that vendor for redress, and not to an innocent third party. It is true that appellant was an innocent purchaser, the same as appellee, but by the mistake he was deceived, and he must look to the author of that deception for his relief.

Counsel seem to have fallen into the error of supposing that Swift, Blumberg, and Mauer were all parties to both conveyances, and that therefore each should be held responsible for the loss of the other; but we think the record authorizes no such conclusion. It is also claimed that the intention of the parties should form the rule for settling the legal liabilities of

each party. If we adopt that rule, then certainly appellee cannot be held responsible, or made to suffer for appellant's loss or injury, for it most clearly appears that appellee had no connection whatever with appellant's purchase, and therefore could not have had any intention with regard to the same. The authorities mostly relied upon, for a reversal of this case, are decisions settling questions of disputed boundary, but we are unable to appreciate their application to the case at bar, as in this case there is no dispute about the boundary of either appellant or appellee, as, in the conveyance of both tracts, the boundaries were actually surveyed, and definitely marked upon the ground, and each party held the land by virtue of his deed only, and to the extent and in conformity with the boundaries set out in his deed only ; and if the title to the land described in the deed was not, at the time of the conveyance, in the vendor, or if the designated boundaries did not include the quantity of land attempted to be conveyed, or if there were any other defects in the deed, or the title to the land, the purchaser should have looked to his vendor for the correction of the mistake, or for damages resulting therefrom.

It is claimed that because the deed to appellant calls for a certain designated corner and line of a known survey, that call must govern all others. That might and would be true if no actual survey had been made, but where the land had been definitely and particularly surveyed off, and the corners and courses plainly marked upon the ground, and where the rights of innocent parties have grown out of that survey, and are dependent upon those marked lines and corners, such innocent parties should not be, and in law or equity are not, bound to make good any error or mistake which may have accrued in the first survey, but the purchaser under that first survey must look to his vendor, to make good the title to the land thus erroneously surveyed, or, in case that be impossible, then for his damages, for attempting to convey land to which he had no title. A call for a known corner, and known and designated line, will control other calls in a grant, unless it clearly appear

that the parties actually made and established another corner, and run another line. We are of the opinion that there is no error in the judgment of the lower court, and it is affirmed.

Affirmed.