## James M. White v. W. G. Kingsbury.
### No. 6677.

1.   **Correction of Mistake in Deed—Practice.**—Action of trespass to try title for land described in the petition. The defendant pleaded not guilty, and asserted title in himself under the same vendor, and specially alleged that although the deed to plaintiff described the land sued for, that in fact the plaintiff did not own it, having bought a different tract which had been distinctly pointed out and identified. *Held:*

1.   If the field notes in the plaintiff's deed from the common vendor, which was the oldest, do not correctly describe the land sold to the plaintiff, a correction of them can not be made in this suit.

2.   In cases of mistake in written instruments courts of equity will interfere only between the original parties or those claiming under them in privity.

3.   Defendant having bought with knowledge that the land had been sold by his vendor to the plaintiff was concluded by the older deed.

4.   The mistake, if one, could have been corrected by application to the courts by the vendor, or by the defendant if affected by the mistake, by a suit for that purpose with the proper parties before the court.

2.   **Practice.**—A defendant in trespass to try title, pleading specially title in himself, can not prove that the land was vacant.

Appeal from Bosque.    Tried below before Hon. J. M. Hall.
   The opinion contains a statement.

*Gillette & Murrell,* for appellant.—1. When upon an issue pending before a jury there is evidence in favor of both parties, it is error for the court to charge the jury to find for or against either party, even though the weight of evidence is greatly in favor of the party benefited by such charge, and such a charge is upon the weight of evidence. Eason v. Eason, 61 Texas, 225; Potter v. Wheat, 53 Texas, 401; Mitchell v. De Witt, 20 Texas, 294.

2. Under the plea of not guilty in an action of trespass to try title the defendant can prove any defense except limitation and improvements in good faith. Rev. Stats., art. 4792.

3. Under a plea of not guilty in an action of trespass to try title the defendant may defeat the plaintiff's right to recover by showing a superior outstanding title either in another person or the State. Burleson v. Burleson, 28 Texas, 412; Styles v. Gray, 10 Texas, 504; Rev. Stats., art. 4792.

*Alexander & Winter,* and *A. M. Jackson, Jr.,* for appellee.—1. The charge of the court "was but the legal effect of uncontroverted evidence, and there was no question in reference to it to be passed on by the jury," and was therefore correct. Eason v. Eason, 61 Texas, 226; Teal v. Terrell, 58 Texas, 261; Hedgepeth v. Robertson, 18 Texas, 871; Mitchell v. De Witt, 20 Texas, 294.

2. The defendant having by his answer pleaded title in himself to the premises in controversy, and having specially pleaded his title thereto, was on trial properly restricted to proof of title as pleaded, and the court did not err in the exclusion of testimony offered for the purpose of showing an outstanding title.

3. If there was a mistake in the description of the land deeded by Griffin to Kingsbury, Griffin by proceeding promptly upon the discovery of the mistake might have had a reformation of his deed, but until so reformed the deed is effective to convey all the land covered by it. A reformation of the deed from Griffin to Kingsbury can not be had in this suit; because, first, there is no privity between the parties; second, there are no pleadings to authorize it; and third, it is too late. 1 Story's Eq. Jur., secs. 164d, 165; Blumberg v. Mauer, 37 Texas, 7; Cook v. Moore, 39 Texas, 261; St. Johnsbury v. Bagley, 48 Vt., 75; Cady v. Potter, 55 Barb., 466, 467; Adams v. Stevens, 49 Me., 365; Haley v. Bagley, 37 Mo., 364, 365; Dalton v. Rust, 22 Texas, 133.

HOBBY, JUDGE.—The appellee, W. G. Kingsbury, brought this action of trespass to try title and to recover a tract of land described in the petition as the Hardin Waldrop 392-acre survey.

The defendant, James M. White, answered by plea of not guilty, pleaded specially title in himself, and also alleged that the land owned by plaintiff was not properly described in the petition. The answer contained aver-

ments to the effect that plaintiff had purchased the tract of land from one Tom Griffin, but that the field notes of the tract as set forth in the petition did not describe the land so purchased, but that the land which the plaintiff actually purchased was described as follows (giving the field notes). The defendant further averred that he was not on the land thus correctly described in his answer, but that he is in possession of and owns about 300 acres out of the Waldrop and Crittenden surveys, giving the field notes thereof, the title to which is derived also from plaintiff's grantor, Griffin. He further alleges that plaintiff had not claimed this · land until he and his vendors had developed the mistake in the location of the true western line of the Gates survey.

It is alleged that when plaintiff purchased the above described land the beginning corner with bearing trees was through mistake on part of his vendor T. M. Griffin taken for the true northwest corner of the John Gates league survey, and the land as above described would include all of the Hardin Waldrop survey, when in fact such is not the true northwest corner of said Gates survey, nor is the land described entirely out of said Waldrop, but is a part of the Waldrop and the M. P. Crittenden surveys, all of which were then owned by plaintiff's vendor.

Defendant alleged that at the time of the purchase by plaintiff the lines and corners were shown him, and there were plowed furrows designating the land actually bought by him, and that he was to get no other land.

Such is a brief outline of defendant's answer.

The plaintiff offered in evidence a deed from Thomas Griffin to T. M. Griffin, dated October 22, 1880, conveying all of the land owned by said Thomas Griffin in Bosque County to J. M. Griffin, including the Hardin Waldrop 392-acre and M. P. Crittenden 1280-acre surveys. A general power of attorney from T. M. Griffin to Thomas Griffin, authorizing the latter to convey all lands owned by the former in said county, dated November 15, 1880. Deed from T. M. Griffin by his attorney in fact Thomas Griffin to W. G. Kingsbury, plaintiff, dated April 27, 1882, conveying the Hardin Waldrop 392-acre survey as described in the petition. Deed from Thomas Griffin to J. W. White, defendant, dated November 17, 1885, conveying 302 acres out of the Waldrop and Crittenden surveys. This was offered to prove a common source of title, and as stated in the record "to show that Thomas Griffin, the vendor of defendant, had no title at the date of said conveyance, plaintiff having already acquired the same under said Thomas Griffin."

Defendant introduced the same deeds, except the deed to Kingsbury, and a deed from T. M. Griffin by his attorney Thomas Griffin to G. W. Quinn, dated October 26, 1883, conveying this tract among others, describing it as in the deed from Thomas Griffin to defendant White; deed from G. W. Quinn to Thomas Griffin, conveying same land as that described in deed from Thomas Griffin to White.

All of the remaining testimony offered by the defendant was upon objection excluded by the court, which action of the court is made the basis of assignments of error, which will be noticed hereafter.

Under the foregoing evidence the court charged the jury, in substance, to return a verdict for plaintiff. This was done, judgment was rendered in accordance therewith, and this appeal is prosecuted therefrom.

The assignments of error are that "The court erred in excluding from the jury the testimony of Thomas Griffin, a witness for defendant, to prove the following facts, to-wit: That the land owned by plaintiff is not properly described in his petition, a proper description being as set out in defendant's answer. That at the time plaintiff purchased said land the lines and corners were well established upon the ground, with bearing trees at northeast corner and with plowed furrows designating lines as run from said northeast corner around the same, and that at the time said purchase was made and the deed executed plaintiff and his vendor T. M. Griffin mistook the northeast corner of said land for the true northeast corner of the Hardin Waldrop survey of 392 acres, and also mistook the same for the true northwest corner of the John Gates survey, lying on the east of said Waldrop survey and called for in the field notes of said Waldrop survey. That the land sold and deeded plaintiff as located upon the ground was not entirely out of the Waldrop survey and did not contain all of the Waldrop survey, but that the same was a part of the Waldrop and M. P. Crittenden 1280-acre survey adjoining it on the north. That at the time said land was sold and deeded plaintiff, the said T. M. Griffin was the owner of said Crittenden. That when the land was sold plaintiff the lines and corners were shown him as actually located upon the ground, and that he was to get only such land as was enclosed by the lines and corners shown him and no other. That according to the actual location of said land on the ground defendant was not in possession of any part of it, but that the defendant was in possession of the land described in his answer," etc.

This evidence was objected to because "there was no allegation of mutual mistake, and no such mistake could be corrected, T. M. Griffin not being a party to this suit;" and as to all testimony upon the question of boundary it was objected to for the reason that "the uncontradicted testimony showed that Thomas Griffin, the vendor of White, had no title to the land at the date of his deed, Kingsbury having previously acquired it, and because it was irrelevant and immaterial." The objections were sustained and the evidence excluded. Defendant took a bill of exceptions.

It is evident from the proof in this case that on April 27, 1882, T. M. Griffin, the common vendor of plaintiff and defendant, owned the Waldrop 392-acre survey and the M. P. Crittenden 1280-acre survey, and that on that day he conveyed to plaintiff the Waldrop survey as described in the petition. The defendant's title is based upon a deed from the same

grantor, dated November 17, 1885, conveying 302 acres of the Waldrop and M. P. Crittenden surveys.

Now, if there was, as is contended by appellant, any mistake in the land sold and conveyed by Griffin to appellee, and the field notes contained in plaintiff's deed do not correctly describe the land sold by Griffin to plaintiff, a correction of them can not be made in this suit, because there was no contract between appellant and appellee with respect to this land, and neither is privy to the other's contract. And if appellant has suffered any injury by reason of the alleged mistake of their common vendor, it is to him he must look for redress, and not to the appellee.

The rule is settled that in "all cases of mistake in written instruments courts of equity will interfere only between the original parties or those claiming under them in privity." Story's Eq., sec. 165; Blumberg v. Mauer, 37 Texas, 7.

In this case the appellant and appellee held the land to the extent of the boundaries as contained in their respective deeds. Appellant in November, 1885, clearly purchased with full knowledge of the fact that the Waldrop survey had been in April, 1882, conveyed to appellee, and if any portion of this tract was embraced in the field notes of the deed to him he had notice of it.

Appellee was entitled to recover the land described in the deed from Griffin to him. Its legal effect was to convey to Kingsbury the land therein described. If there was a mistake in the description of the land, this could have been corrected by the grantor at the proper time; or if the appellant's rights were affected by such mistake on the part of the grantor, it could have also been corrected in a proceeding for that purpose with the proper parties before the court. But we do not think it competent in an action like the present for the defendant to correct the field notes of the plaintiff's deed upon the ground alleged in the answer, and the evidence purporting to establish the alleged error in the conveyance to plaintiff we think was properly excluded. The evidence that appellant was in possession of the M. P. Crittenden survey was immaterial, and also rightly excluded, because plaintiff was not seeking to recover any part of that tract. Neither do we think there was error in sustaining the objections to the evidence offered by appellant to the effect that the land he was in possession of was vacant public domain. He having pleaded title specially in himself, would be confined to the title so pleaded; besides, if he was on public domain the decree of the court could not affect him.

We think the judgment should be affirmed.

*Affirmed.*

Adopted June 10, 1890.