R. W. BIGGERSTAFF ET AL. v. J. M. MURPHY.

No. 122.

1. Practice—Noting Exception in Judgment Record.—It is a sufficient compliance with the statute (1 Sayles' Civil Statutes, article 1333), requiring exceptions to the trial court's conclusions of fact and law "to be noted on the record in the judgment entry," that such exception is noted in the order overruling a motion for a new trial.

2. Bond for Title — Insufficient Description. — A bond for title described the land as a tract located by virtue of certificate issued to Ezekiel Roberts, containing 750 acres, patented to J. P. Sargent, on the waters of West Fork of Trinity River, neither the field notes nor the name of the county in which the land was situated being given. The tract intended contained 744 acres, and was located by virtue of certificate issued to Ezekiel Robinson. *Held*, that the bond was insufficient on its face, and could only pass to the grantee therein an equitable right as against his grantor.

3. Notice — Burden of Proof as between Legal and Equitable Titles.—Where both parties claim from a common source, the elder claimant having only an equitable title, and the junior claimant the legal title, the burden of proof is on the former to show that the latter had notice of such equity at the time he purchased.

ERROR from Jack.   Tried below before Hon. J. W. PATTERSON.

*J. L. L. McCall & Jackson*, for plaintiffs in error.—1. The court erred in admitting in evidence the title bond of Taylor to Murphy, of date October 10, 1863, because said bond is not for the land in controversy on its face, and because there is no prayer in the petition for the correction of the bond; and because there can be a correction of such alleged mistakes only in equity, and then only between the original parties to such instruments or their privies, and no privity or notice exists or is shown between the defendant in error, J. M. Murphy, the alleged first purchaser, and plaintiffs in error, the second purchasers. Mistake of fact is corrected on rules of equity, and then only between the original parties and their privies; and this can only be done in a reasonable time and under proper allegations and prayer in petition for correction of the mistake.   White v. Kingsbury, 77 Texas, 611; Story on Eq., secs. 156, 157; Blumberg v. Mauer, 37 Texas, 2.

2. In a contest between an equitable and a legal title, the burthen is upon the equitable.   Biggerstaff and Mitchell had the legal title, and the burthen was upon Murphy to show that they had notice of his equity. Hill v. Moore, 62 Texas, 610; Story on Eq., secs. 409, 435, 436; Johnson v. Newman, 43 Texas, 641; McAlpine v. Burnett, 23 Texas, 650; Barnes v. Jamison, 24 Texas, 362.

*Robinson & Springer*, for defendant in error.—Where a jury is waived and the case submitted to the court, and conclusions of law and fact are

filed, and no statement of facts accompanies the record, this court can go no further than to look to the pleadings and the judgment, unless objections to the conclusions of fact or law are made in the court below and exceptions noted in the judgment entry. Rev. Stats., art. 1333; Ins. Co. v. Milliken, 64 Texas, 46.

HEAD, ASSOCIATE JUSTICE.—October 10, 1863, F. E. Taylor executed to James M. Murphy a bond for title to two tracts of land, described as located by virtue of a certificate in the name of Ezekiel Roberts; one tract described as containing 750 acres, and the other 726 acres, and the 750 acres tract also described as patented to J. P. Sargent, and both being described as on the waters of the West Fork of the Trinity River.   Neither the field notes of the land nor the county in which it was situated are given in the bond, the only description therein being as above set forth. The court below heard parol evidence in aid of this bond, and found, that the name of Ezekiel Roberts was by mistake used instead of Ezekiel Robinson as the grantee of the certificate; that there was no survey in the name of Ezekiel Roberts in Jack County; that there were two surveys in said county in the name of Ezekiel Robinson—one for 744 acres and the other 732 acres, both patented to J. P. Sargent as assignee of said Robinson; that these were the surveys intended by Taylor and Murphy to be conveyed by said bond for title, and that the land in controversy is a part of the 744 acres tract.

After the execution of the bond from Taylor to Murphy, Taylor conveyed by deed the two Ezekiel Robinson surveys above described to the plaintiffs in error, Biggerstaff and Mitchell, who paid a valuable consideration therefor; but the evidence does not disclose whether or not they had notice of the prior bond to Murphy at the time of their purchase. The court concluded that the burden was on them to show affirmatively that they did not have such notice, and therefore found in favor of defendant in error, who claimed under the Murphy bond.

The petition in this case was in the ordinary form of an action of trespass to try title, except that it contained the following additional allegation:   "Plaintiff further says, that he holds under a bond for title in his chain of title executed by F. E. Taylor, of date 10th day of October, 1863, and recorded in book B1, Jack County records, page 112, which is attached to the deposition of F. E. Taylor in this cause.   That in the execution of said instrument the name of Ezekiel Roberts as grantee in the certificate was by mistake inserted in the same, and that it was the intention of the parties to said instrument to convey the Ezekiel Robinson survey, of which the land sued for herein is a part.   Wherefore plaintiff sues and prays that defendants be cited to answer this petition, and that he have judgment against these defendants for the recovery of

title and possession of said land, and for costs, and general and special relief.''

The defendants answered by general demurrer, plea of not guilty, and plea of the three and five years statutes of limitation, and that plaintiff's action was in effect a suit for specific performance, and more than ten years had elapsed since the execution of the pretended bond for title under which he claims. It seems, that at the time of the execution of these instruments Taylor himself only claimed under a bond for title from Sargent, the patentee. No statement of facts accompanies the record, and the above conclusions are taken from the findings of fact filed by the court below.

*Conclusions of Law.*—On a former day of this term we affirmed the judgment of the court below upon the sole ground that no exception was noted in the judgment entry as required by our statute, basing the decision upon the opinion of our Supreme Court in the case of Insurance Company v. Milliken, 64 Texas, 48. Upon a motion for a rehearing, presented with exceptional ability, this question has again been considered, and upon more mature reflection we have concluded, that plaintiffs in error having had their exception noted in the order overruling their motion for a new trial, was a sufficient compliance with the statute which requires such exception '' to be noted on the record in the judgment entry.'' 1 Sayles' Civ. Stats., art. 1333.

We believe that the expression '' judgment entry '' in this article should not be given such a restricted construction as to preclude the exception from being anywhere noted but in the judgment disposing of the subject matter of the litigation. A party should not be required to lay the foundation for his appeal by excepting to the action of the trial court until he has exhausted his remedies there. If an error is committed to his prejudice in the trial court, he has the right, as was done in this case, to first call it to the attention of that court in a motion for a new trial, and seek to have it there corrected, and he should not be required to except to the action of that court until its final judgment upon the question has been obtained.

Entertaining these views, we granted the motion of plaintiffs in error for a rehearing, and the cause is now to be decided upon the other questions presented by the record.

It will be noted that the judgment of the trial court was made dependent entirely upon the conclusion, that the burden was upon plaintiffs in error to show affirmatively that they had no notice of the older bond for title to Murphy at the time of their purchase from Taylor. It must be conceded, that the description in the bond for title under which defendant in error claims was not sufficient to convey the land in controversy without having the mistake in using the name of Roberts for Robinson

first corrected; and even with such correction, the description would be exceedingly meager. As it stood, there was no item of description in the bond that was correct, except the name of the patentee and the given name of the grantee of the certificate. Both the surname of the grantee of the certificate and the number of acres in the survey were erroneous, and there being no other description, we have no hesitation in pronouncing the bond insufficient upon its face. While it may be true, that there are bonds for title which, by reason of their peculiar wording, would be held to convey the legal title to the land described therein, yet there is nothing in the record in this case to show this bond to be of that class; and we are of opinion, that inasmuch as it was at least a defective bond for title, it should only be construed as passing to the grantee therein an equitable right as against his grantor. If we are correct in this, it is clear that the court erred in holding the burden of proof to be upon plaintiffs in error. Notwithstanding the deed under which they claimed was later in time, yet it was a conveyance of the legal title from the common grantor, Taylor; and in order for defendant in error's prior equity to prevail over such legal title, the burden was upon him to show that plaintiffs in error had notice thereof at the time of their purchase. Johnson v. Newman, 43 Texas, 628; Lewis v. Cole, 60 Texas, 341; Bremer v. Case, 60 Texas, 151; McAlpine v. Burnett, 23 Texas, 649; Barnes v. Jamison, 24 Texas, 362; Hill v. Moore, 62 Texas, 610.

Another very interesting question presented by this record is, as to whether or not defendant in error would have the right to have the necessary correction made in the bond for title under which he claims in this case. It will be noted that Taylor, the maker of the bond, is not a party herein. We will not undertake the decision of this question, as the case must be reversed upon the ground above stated, but we call attention to it, so that the necessary steps may be taken in the court below should it be deemed advisable. See White v. Kingsbury, 77 Texas, 610; Watts v. Howard, 77 Texas, 71.

For the error committed by the court below in holding the burden of proof to be upon plaintiffs in error to show the want of notice on their part at the time of their purchase, we are of opinion that the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

Delivered May 31, 1893.