Walter I. Hayes et al. v. John T. Gallaher et al.

*Decided April 6, 1899.*

1.  **Trespass to Try Title—Rule Where Defendant Specially Pleads His Title.**

Where, in trespass to try title, the defendant specially pleads title in himself, he can not defeat plaintiff's recovery by proof of a superior outstanding title not alleged in his answer.

2.  **Levy of Execution Upon Land—Insufficient Description.**

A levy upon land which does not describe it with sufficient exactness to enable one intending to purchase to locate it by proper inquiry of those familiar with it, is void for uncertainty upon its face, and can not be aided by parol evidence, nor by the description in the sheriff's deed made by virtue of his sale under the levy.

3.  **Execution Sale Held Invalid—Repayment of the Purchase Money Required.**

Where, in trespass to try title, the defendant's title, resting upon an execution sale, is held invalid because of an insufficient return of the levy, and it appears that the defendant bought at such sale in good faith, and that the amount paid by him was applied upon the judgment, discharging, pro tanto, its lien upon the land, the court will require repayment of the amount so paid, with interest, as a condition precedent to the judgment awarding plaintiff the land.

Error from Harris. Tried below before Hon. John G. Tod.

*Stewart, Stewart & Lockett,* for appellants.

*Goldthwaite & Moody,* for appellees.

WILLIAMS, Associate Justice.—Appellees brought this action of trespass to try title to recover of Walter I. Hayes and Milo Smith 640 acres of land situated on San Jacinto River, in Harris County, patented to Daniel D. Culp, assignee, June 6, 1844.

The defendants pleaded general denial, not guilty, and specially, setting up title in themselves under a purchase of the land sued for at an execution sale thereof by the United States marshal under judgment against J. B. Gallaher, the ancestor through inheritance from whom plaintiffs asserted title.

The plaintiffs adduced title as follows: ( 1) Patent to Culp. (2) Deed from Culp to Augustus C. Daws, dated March 28, 1849, recorded same day. (3) Deed from A. C. Daws to James W. Henderson, dated March 1, 1857, recorded November 23, 1857. (4) Deed from J. W. Henderson to A. C. Daws, dated February 1, 1862, recorded March 1, 1862. (5) Deed from A. C. Daws to John B. Gallaher, dated February 1, 1862, recorded

March 13, 1862. (6) Proof that plaintiffs are the heirs of J. B. Gallaher, who died intestate December 26, 1871.

For the purpose of showing common source of title plaintiffs introduced the following: (7) Judgment, for money, of the Circuit Court of the United States at Galveston, of date May 19, 1870, in favor of A. W. McKee against J. B. Gallaher. (8) Execution on such judgment, of date April 6, 1871. (9) Return of marshal showing levy upon property in Houston, and further upon land thus described: "640 acres of land on the San Jacinto, conveyed by Henderson to Gallaher." The return stated there was not sufficient time to make sale. (10) Venditioni exponas issued May 12, 1871, ordering sale of above described land, with return thereon, showing sale thereof and purchase by W. J. Hutchins for $76, and the application of such sum to the judgment. (11) Deed from the marshal to Hutchins, dated July 4, 1871, recorded August 16, 1871, reciting the sale just stated and conveying land described thus: "640 acres of land in the county of Harris, and conveyed by J. W. Henderson to J. B. Gallagher." (12) Deed from Hutchins to James Craig, dated May 2, 1873. (13) Deed from James Craig to appellants Hayes and Smith, dated July 30, 1874.

Appellants, to deraign title in themselves from J. B. Gallaher, introduced the above stated documents, numbers 8 to 13 inclusive. Numbers 12 and 13 describe the land in controversy. They also introduced the deposition of the deputy marshal who made the sale to Hutchins, which tended to show that the land sold was that in controversy. They also showed by their own depositions that since their purchase from Craig they had paid taxes on the land in controversy, caused it to be surveyed and looked after and its corners frequently established, had negotiated concerning its sale, and had exercised full ownership over it, and had heard of no adverse claim until this suit was brought.

They further took the depositions of plaintiffs which, stated generally, show the absence of any knowledge of the judgment against their ancestor, the sale of the land, or his conduct or claim to the land thereafter.

To show an outstanding title superior to that of plaintiffs, appellants, besides the patent to Culp, introduced the following evidence:

(1) Deed from Culp to John Shackelford, Jr., for the land in controversy, dated May 1, 1846, recorded February 4, 1854.

(2) Deed from Shackelford to Dennis Perkins for same, dated February 1, 1854, recorded February 4, 1854.

(3) Deed from Hannah M. Perkins, Henry C. Perkins, Thomas A. Perkins, Elizabeth S. Perkins, and George D. Perkins, reciting themselves to be the children and heirs of Dennis Perkins, to Henry C. Perkins and George D. Perkins for same land, dated April 29, 1873, recorded January 13, 1874.

(4) A stipulation of the parties that the grantors in the last named deed were the heirs of Dennis Perkins, who died prior to its date; that the grantees therein are still living and have never conveyed the land, and that Daws and Culp have been dead many years.

It further appeared that all of the present claimants of the land live in other States.

The case thus presented may be decided by determining the merits of five points raised by appellants, without following the assignments of error in order.

The first is, that the court below should have given judgment for defendants upon the proof of outstanding title. Whether or not the evidence offered was sufficient to rebut the prima facie case made by plaintiffs, by their proof of common source, and to show title remaining in Henry C. and George D. Perkins superior to that of plaintiffs; and, if so, whether or not defendants, who claimed under the common source, could have availed themselves of the outstanding title as a defense, under a plea of not guilty, had they not set up their defenses by special pleading, are questions which it is unnecessary to decide. By their answer the defendants not only pleaded not guilty, but set up as their only defense (besides limitations) the title which proceeded from Gallaher, the common source, under the marshal's sale. It is well settled that such plea limits the plea of not guilty so that it only puts upon plaintiff the burden of showing such title as will enable him to recover, if not defeated by the defense specially pleaded. By such pleading the plaintiff is notified of the title which will be urged against him, and is not required to prepare to meet any other. Shields v. Hunt, 45 Texas, 424; Custard v. Musgrove, 47 Texas, 217; White v. Kingsbury, 77 Texas, 614; Railway v. Whitaker, 68 Texas, 633. The evidence of outstanding title having no pleading to support it, could not be made the basis of judgment in favor of appellants, if otherwise sufficient.

The next contention is that the court should have sustained the title of defendants resting upon the marshal's sale. In this we do not concur. No description of the land was given in the levy which, by the most liberal interpretation could be held sufficient. We need not determine whether or not the description contained in the deed was sufficient, for if it were, it could not cure the levy. Before the officer could be empowered to sell any land, he must have made a valid levy on it. To do that it was necessary to give such description as would enable intending purchasers, with the aid of the particulars given, to find the land intended by proper inquiry of those familiar with it. That a description which does not give the county or locality where the land is situate, nor the name of the original grantee, nor other particulars than that it is a grant of 640 acres, is on San Jacinto River, and was conveyed by Henderson to Gallaher, is void for uncertainty, we think quite clear. It can not be even inferred from the levy that the land is in Harris County, as might have been done had the sheriff of that county made it, for the reason that the marshal could have levied on land anywhere in his district. No person intending to purchase, reading this levy or an advertisement based on it, could have learned from the information given what land was meant. The levy, being upon its face void for uncertainty, parol evidence was not admissible to aid it. Proof that a particular tract of land was sold can not help

the matter, because the marshal had not acquired power to sell it by previously levying upon it.

There was no error in the refusal of the court to permit appellants, after argument had commenced, to introduce further evidence in support of the defense of outstanding title; if for no other reason, because the pleadings did not properly admit such defense. Nor was there error in the refusal to postpone hearing of motion for new trial to allow appellants time to acquire such title from its owners.

We are of the opinion, however, that the judgment should have required plaintiffs to pay to defendants the amount paid by Hutchins for the land, before allowing them to recover. The evidence shows that the purchase was made under the belief that the purchaser was getting this tract of land, and that the purchase money was applied to the partial discharge of the judgment with which the property inherited by plaintiffs from their ancestor would otherwise have been charged. The judgment will therefore be reformed so as to allow appellees to recover the land and costs of the lower court upon payment to appellants of the sum of $76, with 6 per cent interest thereon from the fourth day of July, 1871. The costs of appeal are adjudged against appellees. Halsey v. Jones, 86 Texas, 491.

*Reformed and affirmed.*

Writ of error refused.