**HUNT et al. v. TURNER et al.**

No. 3232.

Court of Civil Appeals of Texas. El Paso.
Oct. 31, 1935.

Rehearing Denied Nov. 27, 1935.

Ben D. Clower, of Tyler, Jerome P. Kearby, of Ft. Worth, and McEntire, James & Shank, of Tyler, for appellants.

Lasseter, Simpson & Spruiell, of Tyler, for appellees.

HIGGINS, Justice.

This is a suit of trespass to try title to recover one acre of land brought by Neal Turner and wife and others claiming mineral estates in the land under them against H. L. Hunt, trustee, and others. Upon trial without a jury, judgment was rendered in favor of plaintiffs from which some of the defendants appeal.

The land is described in the petition as follows: "Situated in Rusk County, Texas, part of the George Berry Survey and beginning at a stake on the North line of John Bell's 30 acre tract and the South line of Smith Wilson's 58.5 acre tract 326' East of the Northwest corner of John Bell's 30 acre tract; Thence East with the south line of Smith Wilson's 58/5 acre tract 208.7' to a stake for corner; Thence North 208.7' to a stake for corner; Thence West 208.7' to a stake for corner; Thence South 208.7' to the point of beginning and containing one acre of land more or less."

On November 22, .1924, Smith Wilson owned as his separate property an 82 or 82½-acre tract out of the Berry survey. On that date Wilson and wife conveyed to Turner 24 acres out of said tract upon the east side thereof particularly describing the same. Immediately following the description of the 24-acre tract the deed contains this language: "Others is also conveyed by this conveyance, one acre of land, for house setting, said acre, to be surveyed at any suitable place along South boundary line of said 82 acre tract making 25 acres deeded in all."

The land sued for is along the south line of the 82-acre tract and about 200 feet west of the above-mentioned 24-acre tract.

The case was tried in October, 1934, and Turner testified he did not select the one acre until five or six months before the

trial shortly before the suit was filed when he had the acre surveyed.

On March 18, 1929, Wilson and wife executed to C. M. Joiner, trustee, an oil and gas lease covering the entire 82½-acre tract giving a general description of the land.

Evidence offered by plaintiffs for the limited purpose of showing common source is sufficient to show some of the defendants were claiming under the oil and gas lease to Joiner.

## Opinion.

■ The deed from Wilson and wife of November 22, 1924, did not convey the legal title to the tract sued for. Aside from the 24 acres described in such deed, Turner acquired only an equitable right to choose and have surveyed a one-acre tract for a house at any suitable place along the south boundary line of the 82-acre tract and compel conveyance thereof. He did not acquire an undivided one acre out of the unsold portion of the 82-acre tract. The right acquired does not differ essentially from any other executory contract for the conveyance of land. Dull v. Blum, 68 Tex. 299, 4 S.W. 489, followed in Hanrick v. Gurley, 93 Tex. 458, 54 S.W. 347, 55 S.W. 119, 56 S.W. 330.

■ Plaintiffs pleaded their title specially. Having elected so to do, it was incumbent upon them to plead all the muniments of title and extrinsic facts upon which they rely to recover the land. They are confined in their evidence to the title pleaded. Evidence of title, having no pleading to support it, could not be made the basis of judgment in favor of plaintiffs, if otherwise sufficient. Hayes v. Gallaher, 21 Tex. Civ.App. 88, 51 S.W. 280, and cases cited. Plaintiffs, as to some of the defendants, offered evidence that Wilson and wife were the common source, but their pleadings are wholly insufficient to support such evidence. Plaintiffs say their pleadings are sufficient. We do not so regard them. It would serve no purpose to quote them.

■ The legal title to the mineral estate passed by the lease to Joiner of March 18, 1929, and it was incumbent upon the plaintiffs to show defendants acquired such interest with notice, actual or constructive, of the equitable right which they had acquired by the previous Wilson deed dated November 22, 1924. Anderson v. Gazaway (Tex.Civ.App.) 80 S.W.(2d) 481.

■ The petition is not only insufficient to support evidence of common source, but is also insufficient to admit evidence of notice that defendants purchased with notice of plaintiffs' equitable right.

Those propositions which assert the description of the one acre as contained in the deed of November 22, 1924, is wholly insufficient to pass any right to Turner are overruled. It is sufficient to give him the equitable right to select and have surveyed one acre as heretofore stated and compel conveyance thereof. Dull v. Blum, supra.

Those propositions need not be considered which question the sufficiency of the evidence to show that the acre sued for is located in the Wilson 82-acre tract out of which it must be selected, or that such acre is located at a suitable place. It is manifest such insufficiency, if any, can easily be remedied upon retrial. There is no occasion for such question to arise upon the retrial and it should not.

The statute of frauds is in nowise violated by the deed of November 22, 1924.

The ruling upon evidence complained of presents no error.

The evidence raises no issue of estoppel which will preclude plaintiffs from asserting the equitable right which they have under the deed from Wilson and wife to Turner.

■ Nor is there any issue as to stale demand. Under the ruling in Dull v. Blum, supra, plaintiff's right is an equitable one to compel conveyance as in the case of an executory contract to convey land. As to such right, the equitable defense of stale demand is inapplicable. It is governed by the statute of limitations. Article 5531, R.S.; Chamberlain v. Boon, 74 Tex. 659, 12 S.W. 727, 729.

Limitation was not pleaded nor is any point with respect thereto here presented.

As to those defendants who did not appeal, the judgment is not disturbed; as to those appealing, it is reversed, and the cause remanded.

## On Rehearing.

■ Appellees call attention to allegations contained in the joint answer of appellants, H. L. Hunt, H. L. Hunt, trustee, and Hunt Production Company, which show the Hunt Production Company is claiming under Smith Wilson and wife as

522

the common source through the oil and gas lease to C. M. Joiner, trustee. .

So far as concerns the Hunt Production Company, these allegations cure the defect in plaintiffs' petition in failing to allege a common source. Gaston v. Wright, 83 Tex. 282, 18 S.W. 576.

But as to Hunt Production Company, the petition is also insufficient to admit evidence that said company purchased with notice of plaintiffs' equitable right as was held in the main opinion.

There is, therefore, no occasion to change our ruling reversing as to all appellants.

The motion for rehearing is overruled.