### STEWART v. KANSAS CITY LIFE INS. CO. et al.

#### No. 1749.

Court of Civil Appeals of Texas. Waco.

July 2, 1936.

Rehearing Denied Sept. 24, 1936.

W. V. Dunnam and F. M. Fitzpatrick, both of Waco, for appellant.

Hamilton, Lipscomb & Wood, of Dallas, for appellees.

GALLAGHER, Chief Justice.

A brief statement of the facts out of which this suit arose will aid in a ready understanding of this opinion. M. B. Nunley, a single man, who resided in Bosque county, executed and delivered to Realty Trust Company, a domestic corporation having its domicile in the city of Dallas, a promissory note, payable to it at Dallas, Tex., dated January 17, 1923, and due January 1, 1933, for the sum of $8,000, bearing interest from the date thereof at the rate of 6½ per cent. per annum, payable annually, evidenced by ten interest coupons thereto attached. Said principal note and said interest coupons all bore interest after maturity at the rate of 10 per cent. per annum. Said Nunley, at the same time, executed and delivered to F. O. Ketcham as trustee his deed of trust on 782 acres of land situated in Bosque county to secure said notes. Said Nunley, at the same time and as part of said transaction, executed and delivered to said Realty Trust Company, as additional interest on said principal note, five other notes, bearing the same date and due one on the 1st day of January of each year from 1924 to 1928, inclusive, the first of which was for the sum of $235 and the others for the sum of $240 each. These notes bore interest after maturity only at the rate of 10 per cent. per annum. Said notes represented interest on the principal of the loan at the rate of 3 per cent. per annum. Said Nunley, at the same time, executed

and delivered to F. O. Ketcham as trustee a second deed of trust on the same land to secure said last-described series of notes. The Realty Trust Company, on March 17, 1923, assigned the principal note, the interest coupons belonging thereto, and the lien securing the same, to appellee Kansas City Life Insurance Company, a corporation having its domicile in the state of Missouri. Nunley, or his subsequent vendees of the encumbered land, paid all said interest coupon notes except the last, which matured January 1, 1933. He also paid to the Realty Trust Company all said additional interest notes as they severally matured.

Appellant pleaded that said Nunley, on January 19, 1927, conveyed said encumbered land to the McMullen Company of Tarrant County, Tex. Said deed was not introduced in evidence, nor was there any testimony with reference to the same. The McMullen Company was a corporation, and on the 7th day of July, 1928, acting by its president, Mrs. M. J. McMullen, conveyed said land to appellant Stewart.

The principal note, with the last interest coupon, as before stated, became due January 1, 1933. Appellant, on February 6, 1933, instituted this suit against appellee and alleged that the above-recited transaction was rendered usurious by certain provisions contained in the respective deeds of trust; that all payments of interest made on said indebtedness should be credited on the principal, and that when so applied, only approximately $2,150 thereof would remain to be paid; that appellee was claiming that the entire principal and one year's interest remained unpaid and had caused the land to be advertised for sale by appellee Ketcham, the trustee named in said first deed of trust, to satisfy the sum so claimed. The court granted an injunction restraining such sale during the pendency of the suit. Appellee denied that said transaction was usurious, and further pleaded that appellant was estopped to assert such defense on the ground that he purchased the encumbered property and accepted a deed thereto reciting as part of the consideration that the title conveyed thereby was subject to the principal and interest of appellee's debt as described in the deed of trust securing the same. Appellee also filed a cross-action in which it alleged that said Nunley was indebted to it at the time in the full amount of said principal note and last maturing coupon, together with interest on both the same after

maturity at the rate of 10 per cent. per annum, and the further sum of 10 per cent. on the aggregate amount thereof as attorney's fees; that said unpaid indebtedness constituted a valid charge against said land and the lien thereon, and asked for foreclosure of such lien to enforce collection of its debt. Appellant alleged, in reply to appellee's plea of estoppel, that the recital in the consideration clause of the deed under which he held title did not express his true agreement and intention; that such situation was the result of a mistake of the scrivener who prepared the same; that he did not in such purchase recognize or admit, nor intend to recognize or admit, the validity of any lien asserted by appellee against said land, except such lien as was valid and subsisting after the application of all payments on such indebtedness; and that it was not his intention to waive usury.

The case was tried to a jury. The court, at the close of the evidence, instructed the jury peremptorily to return a verdict in favor of appellee Kansas City Life Insurance Company against appellant, W. T. Stewart, for foreclosure of its lien on the premises described in the deed of trust sued upon in appellee's cross action for the sum of $8,520, with interest thereon from January 1, 1933, at the rate of 10 per cent. per annum and attorney's fees in the sum of $852. Judgment was rendered that appellant Stewart take nothing against appellees, and in favor of appellee Kansas City Life Insurance Company establishing the amount of its debt in accordance with the terms of the verdict, foreclosing its lien and directing the property covered thereby sold and the proceeds applied in satisfaction of its debt, and the remainder, if any, paid to appellant.

## Opinion.

Appellant presents various propositions in which he insists that the transaction between Nunley and the Realty Trust Company here under consideration, as disclosed by the face of the several instruments evidencing the same, was, as a matter of legal construction, usurious, and that such transaction as so disclosed, when considered in connection with the testimony introduced, was shown to be usurious, and that the court erred in instructing the jury to return a verdict against him. We do not consider it necessary to discuss these propositions. The deed from the McMullen Company to appellant, after reciting other

considerations, continued as follows: "And the further consideration that the grantee herein takes the land hereafter described subject to but without assuming the payment of one note for the sum of $8000.00, together with all interest now due thereon and hereafter to become due thereon, dated January 17, 1923, originally payable to the Realty Trust Company, which note is more fully described in deed of trust dated January 17, 1923, from M. B. Nunley to F. O. Ketcham, trustee for said Realty Trust Company, recorded in Book X, page 190 of the Mortgage Records of Bosque County, Texas." Said provision, in explicit terms, subjects the title held by appellant to the payment of the indebtedness asserted by appellee herein. A like situation was before this court in the case of Kansas City Life Insurance Company v. Hudson, 71 S.W.(2d) 574 et seq. (writ refused), and was discussed at length. We there held that a plea of estoppel by the creditor was, under such circumstances, a complete defense to the debtor's plea of usury. We refer to the authorities cited in that opinion, and also to the following: National Bond & Mortgage Co. v. Mahanay, 124 Tex. 544, 80 S.W.(2d) 947, 950, par. 3; Nordyke v. Missouri Valley College (Tex.Civ.App.) 82 S.W.(2d) 703; Van Meter v. American Central Life Ins. Co. (Tex.Civ.App.) 78 S.W.(2d) 251, 253, par. 3 (writ refused).

Appellant sought to sustain his right to plead usury as a defense pro tanto in this case by charging that the language, used in the provision above quoted, relating to his taking title subject to appellee's debt and lien, did not express his true agreement and intention in making such purchase, but was the result of a mistake of the scrivener. The deed under consideration constituted, of course, the contract between the McMullen Company and appellant with reference to the purchase of said land. Against a mistake of both parties, by reason of which, in the effort to reduce the agreement they have made to writing, they mistake its terms so that the writing does not represent the real contract, equity will grant relief. In such cases a separate and prior suit to reform the instrument in which such mutual mistake occurred is not required, but judgment in an action in which such issue is involved may be rendered in accordance with the terms originally agreed upon. Strange v. Cooper Grocery Co. (Tex.Civ.App.) 4 S.W.(2d) 232, 237, pars. 7 to 11, inclusive.

In such an action, however, it is essential that the party seeking such relief should join in his suit all persons whose rights might be enlarged or diminished by the reformation sought. 36 Tex.Jur. p. 767, § 28. The general rule, therefore, is that a mutual mistake in a written instrument may be corrected only when the litigation is between the original parties to the transaction, or those in privity with them. 29 Tex.Jur. p. 717; White v. Kingsbury, 77 Tex. 610, 613, 14 S.W. 201; Blumberg v. Mauer, 37 Tex. 2, par. 1; Farley v. Deslonde, 69 Tex. 458, par. 2, 6 S.W. 786. Since the McMullen Company, the grantor in said deed, was not a party to this suit, the court did not err in excluding the testimony offered by appellant tending to show, in substance, that said deed did not express the true agreement entered into by and between the parties at the time and that it was the intention of both the grantor and grantee therein that he should take title to such land subject only to so much of said indebtedness as was found to be legal and enforceable. White v. Kingsbury, supra, and cases above cited.

The judgment of the trial court is affirmed.