## W. J. FLEMMING V. W. REED AND OTHERS.

1. A lapse of thirty-three years is too great a delay for even courts of equity to lend a listening ear to parties who have slept so long upon their rights.

2. In the performance of a contract for the location of land and the procurement of a patent therefor, a delay of nineteen years is unreasonable ; and when, besides such a delay in the locator's execution of his contract, a further delay of fourteen years transpired before his repre-. sentatives resorted to the courts for an enforcement of the contract, and the delay is not accounted for, it is to be presumed that there was a settlement of the matter by the contracting parties, and the defense of stale demand will defeat the action.

3. A power of attorney, made in 1836, for the purpose of enabling the attorney to locate the maker's headright, was recorded in 1838, without other authentication than a certificate of a chief justice of a county that "the within instrument was duly proven before me, the 20th day of "February, 1838." *Held,* that the instrument was not so authenticated as to be entitled to record.

APPEAL from Bell. Tried below before the Hon. J. P. Osterhout.

The material facts are disclosed in the opinion of the court and the head-notes.

The court below ruled that the defenses of limitation and stale demand were frustrated by the constitutional provision suspending limitation from January 28th, 1861, to the acceptance of the Constitution by Congress in 1870.

*McGinnis & Lowry,* for the appellant.

*McFarland & Saunders,* for the appellees.

WALKER, J. We learn, from the statement of facts in this case, that, on the 16th day of January, 1836, Michael Reed and Z. N. Morrell entered into a contract in writing with Joseph West, who was entitled to one-fourth of a league of land as a colonist, that they, Reed and Morrell, would locate

and procure a title for the land ; for which service, West bound himself, under a penalty of three thousand dollars, to make them a title for one-half the land so located. West also executed a power of attorney to Reed and Morrell, to enable them to carry out the terms of the contract. The agreement was recorded in Milam county, on the 26th day of February, 1838. On the 29th day of June, 1848, Reed surveyed and located the land in what is now Bell county, then a part of Milam, and procured a patent on the 8th day of June, 1855 ; and that he paid taxes on the land in 1856. Reed died, and letters of administration were granted to his son, Wm. Reed, on the 30th day of March, 1859. West also died ; and in 1863 his son, W. J. West, sold one-half the land to the Fords and Mills, and it is claimed that Flemming had both actual and constructive notice of Reed's right to the other half of the land, when he purchased in 1868 from W. J. West. This suit was brought on the 6th of January, 1869. On this state of facts, we confess both the legal and equitable rights of the parties would be in some doubt had not this court already substantially settled the principles involved. The appellant demurred to the petition of the appellees, insisting on the statutes of limitation and the laches of the appellees. Certainly, a great lapse of time marks the dates between the execution of the contract of January 16th, 1836, and the commencement of this suit on the 6th of January, 1869. Thirty-three years (the average length of human life) is too great a length of time for even courts of equity to lend a listening ear to those who have so long slept upon their rights. There was a most unreasonable delay on the part of Reed and Morrell in performing their contract with West. Nineteen years is too long a delay to be tolerated in parties who undertake to locate lands and procure titles for others ; but in 1855, when the patent issued, a court of equity might have compelled a specific performance of the contract, or a court of law awarded damages for the breach. What, then, are we to say of the additional delay of fourteen years before the one or the other is claimed ?

Certainly, in this time presumptions of settlement and adjustment between the parties will arise, to bar all actions on contracts so stale.

The doctrine of notice is invoked in this case with but little effect. The contract of January 16th, 1836, regarded only a chattel; it was not so executed as to entitle it to record. (See the able opinion of Wheeler, C. J., in Holliday v. Cromwell, 26 Texas, 193.)

But the case of Glasscock v. Nelson, 26 Texas, 152, and the authorities therein cited, are conclusive of this case. The court there say, that unless there were equitable circumstances of no ordinary character, to excuse or account for the delay, ten years would be certainly most ample time within which the remedy should be pursued. Glasscock v. Nelson is a case remarkably coincident with the one at bar, and there are no extraordinary circumstances or equities in this case to excuse or account for the delay.

The case of De Cordova v. Smith, 9 Texas, 147, is a strong authority in support of our view of this case. So is the case of Smith v. Hampton, 13 Texas, 463. A silent reference to these cases becomes us rather than any attempt at comment upon them. The reasoning they furnish is so able and conclusive, and so well founded in common sense, that we could give neither clearness nor force to what has already been said. The reference in Glasscock v. Nelson to the remarks of Sir Thomas Plumer, Master of the Rolls, in reviewing the cases decided in the English Equity Courts, shows conclusively that those courts have clearly laid down the rule which our own courts have followed.

We wish, however, to say, before disposing of this case, that this court believes abundant precedent may be found for excusing delays, and what might otherwise seem laches, where there are extraordinary circumstances and equities, appealing to the conscience of the court.

The judgment of the District Court in this case must be reversed, and the cause remanded.