[Opinion delivered May 31, 1880.]

---

WILLIAM BLACKBURN ET ALS. V. ALEXANDER McDONALD.

.(Case No. 3336.)

1. DEED — DESCRIPTION.— Where land in a deed is described by number of acres, grant and county, and the grantor owned, at the date of his grant, that or a less number of acres, the deed will convey the land, such facts being shown. When a larger number of acres is owned than that granted, the grantee becomes by the deed a co-owner or tenant in common with right of selection or partition. 46 Tex., 335; 23 Tex., 36; id., 136; 48 Tex., 379; 46 Tex., 99; 50 Tex., 369; 51 Tex., 614; 52 Tex., 246; 25 Tex., 519; 29 Tex., 201; 18 Tex., 116; 14 Tex., 270.

ERROR from Robertson. Tried below before the Hon. John B. Rector.

September 19, 1871, Wm. Blackburn and others, plaintiffs, brought an action of trespass to try title against Alex.

McDonald, and for partition against other defendants named in the petition and alleged to be joint tenants with plaintiffs in certain lands. The lands were alleged to have been conveyed by a warranty deed, April 8, 1870, by B. C. Blackburn to said co-owners, described as "lying and being situated in the county of Robertson and state of Texas, it being a part of the headright of H. Reed and containing five hundred and forty acres." Annexed to the petition as an exhibit was a copy of the deed, being "deed of gift" in consideration of her love and affection to the grantees, who are in the deed stated to be her children. The deed closed with covenant of warranty.

June 4, 1872, McDonald filed general demurrer and amended, pleading not guilty.

June 11, 1873, plaintiffs amended, alleging that the grantees, five in number, were the only children of the grantor, and that by virtue of said deed the said vendees became and were, on 8th of April, 1870, seized and possessed in fee-simple of said land, each as joint tenant of an undivided one-fifth interest in said land, which is fully described as follows: lying and being situated in Robertson county, state of Texas, a part of the headright of Henry Reed, deceased, consisting of two surveys described as follows (giving field-notes); the two tracts containing together but four hundred and fifty acres; that the said grantor, subsequent to her deed to plaintiffs, had executed to defendant McDonald, who had full knowledge of the facts and of plaintiffs' rights, a deed for three hundred and twenty acres of the land so conveyed to her children as aforesaid.

Defendant, by amendment, excepted to the petition as amended, and particularly to the insufficiency of the deed alleged as the evidence of title by plaintiffs, as void for uncertainty of description, etc. Matters in bar were also pleaded, not necessary to be stated.

June 20, 1874, plaintiffs further amended, alleging "that the land intended to be conveyed by said deed of 8th April was two tracts containing together four hundred and fifty acres conveyed by deed from P. H. Smith and wife to Wm.

Blackburn (the deceased husband of the grantor), of date 22d June, 1855, and also described in a certain decree of title of the district court of Robertson county, at its fall term, 1866, "which deed and decree is herewith filed in evidence to identify said land;" . . . "that the above described land was the only land owned by the said Bethenia" (the grantor) at the time of the execution of the said deed of the 8th day of April, 1870, being a part of the H. Reed headright in Robertson county, and the land on which she resided at the time of the sale."

June 30, 1874, the demurrer and exceptions of defendant to the petition were sustained, and plaintiffs declining to amend, judgment final was rendered for the defendant; from which plaintiffs appealed by writ of error.

The errors assigned are the sustaining the demurrer and exceptions of defendant, and rendering judgment for the defendant.

*Davis & Beall,* for plaintiffs in error.

*William H. Hamman,* for defendant in error.

A. S. WALKER, J.— The only question presented is the sufficiency of the deed set out in the petition.

The appellee insists that it is void for uncertainty; and urges that the allegation of mistake in the number of acres, as stated in the amendments to have occurred in writing the deed, changes the suit into a proceeding to correct such mistake, and without making the grantor a party. To this we cannot assent.

In suing for the land in trespass to try title the plaintiffs are entitled to a liberal construction of the terms of description; such also follows from the disposition of the case upon demurrer. The description in the deed is supplemented by allegations to which parol evidence may be admitted.

The question cannot be considered an open one. In 46 Tex., 335, Roberts, C. J., delivering the opinion (Flanagan *v.* Boggess), in discussing the validity of a tax deed, containing

as description "six hundred and twenty acres of the headright of David Brown," it is stated, "the deed in the case before us does not purport to convey an undivided part of a larger tract of land as in the case of Wofford *v.* McKinna. The 'six hundred and twenty acres of the headright of David Brown' may be all of the D. Brown headright located in that survey, the balance being elsewhere," etc.

Referring to the case of Wofford *v.* McKinna, 23 Tex., 45, Justice Wheeler discusses the principles controlling such deficient descriptions, as follows: "A grant by the owner of a certain number of acres in a particular tract would confer the right of election upon the grantee, and authorize him to locate the quantity upon any part of the tract he saw proper to elect, upon the principle that a conveyance must be held to pass some interest, if such effect may be given to it, consistently with the rules of law; and that if uncertain or ambiguous it must be construed most strongly against the grantor. But in this respect, it is said, there is a wide difference between a conveyance by the owner and by a public officer. The former may sell upon his own terms, and may confer a right of election upon his grantee."

The right of the grantee to explain the intent by parol evidence to aid a latent ambiguity in description, recognized as existing in deeds made by the owner, obtains equally in deeds for a good as for a valuable consideration. The limitation upon deeds by public officers is based upon the want *of power* of such officers. By the amendments to the petition in this case the land is described as being in Robertson county, state of Texas, five hundred and forty acres of the H. Reed survey, all she had on the survey; being that deeded to her and on which she resided; described by metes and bounds.

Such description fully answers the requisites when sustained by testimony, validating a deed equally indefinite as that described. It does not appear but that five hundred and forty acres was all of the headright of H. Reed, located in Robertson county.

It is not perceived why a deed by the owner for a definite

number of acres out of a larger tract sufficiently indicated would not convey a right to that number of acres, with the right to select by the grantee, from the force of the terms of the conveyance; or with right to enforce a partition with the co-owners of the tract. It is believed that by custom much conveyancing has been of this nature, and to hold, as between parties, such deeds invalid would unsettle land titles to an injurious extent. Such deeds have not in terms been declared invalid; yet when supported they have been upheld upon other principles than those enunciated in Mc-Kinna v. Wofford. The true rule is believed to be, when the land is described by number of acres, grant and county, and the grantor owned, at date of his grant, that or a less number of acres, the deed would convey the land, such facts being shown. Where a larger number of acres was owned than that granted, then the grantee would by the deed become a co-owner or tenant in common with right to partition, or with right to select the quantity from the larger tract. "If the owner of a tract convey a number of acres less than the whole, without any designation of their locality, the grantee thereby acquires an interest in the whole tract, as a tenant in common with the grantor." Freeman on Co-tenancy & Partition, § 96 and authorities. The discussion in Norris v. Hunt, 51 Tex., 609, was with reference to a sale by the United States marshal; and not authoritative as to deeds by the owner, as above stated.

The subject is discussed or noticed in the following cases: Flanagan v. Boggess, 46 Tex., 335; Wofford v. McKinna, 23 Tex., 36; Kilpatrick v. Sisneros, 23 Tex., 136; Ragsdale v. Robinson, 48 Tex., 379; Kingston v. Pickens, 46 Tex., 99; Wilson v. Smith, 50 Tex., 369; Norris v. Hunt, 51 Tex., 614; Rainbolt et al. v. March, 52 Tex., 246; Davenport v. Chilton, 25 Tex., 519; Presley v. Testard, 29 Tax., 201; Early v. Sterrett, 18 Tex., 116; Berry v. Wright, 14 Tex., 270.

For the error in sustaining the demurrer to the petition, the judgment below should be reversed.

REVERSED AND REMANDED.