## No. 5798.

### A. J. DULL ET AL. v. LEON & H. BLUM.

1. DEED—STALE DEMAND—EXECUTORY CONTRACT.—A written instrument, the language of which was couched in the usual phraseology of a deed purported to convey a designated quantity of land to be taken by the grantee in a rectangular form, wherever he might choose, in any one of the four corners of a larger survey, and provided that, in the event the grantee should become dissatisfied with the "premises," then the grantor (or maker of the instrument), would receive back the same, *held:*

(1) No legal title was conveyed.

(2) Until a selection was made, no right vested, either to any specific portion of the land, or to any undivided interest in the whole.

(3) Nothing was secured by the instrument but the right to make a selection, and to enforce a conveyance of a portion of land that might be chosen.

(4) Since no taxes were paid by the beneficiary in the instrument or his assigns; no claim set up for ten years was shown; no record was made of the instrument, and no selection was made of any particular land until twenty years after the instrument was written, it must be presumed that the grantee had become dissatisfied and received back his money.

(5) In the absence of facts excusing the long delay in making a selection of the land, the demand was stale as against a claim of title asserted by the heirs of the maker of the instrument, or their assigns.

ERROR from LaSalle.    Tried below before the Hon. D. P. Mair.

*E. R. Lane* and *Ernest & Knott*, for plaintiffs in error, cited Watson v. Inman, 23 Texas, 531; Flemming v. Reed et al., 37 Texas, 152; DeCordova v. Smith, 9 Texas, 129; Robinson v. McDonald, 11 Texas, 385; Thompson v. Cragg, 24 Texas, 582; 3 Wait's Actions and Defenses, 176; Wharton's Law of Contracts, sections 692, 611; 5 Wait's Actions and Defenses, section 16, page 551.

GAINES, ASSOCIATE JUSTICE.    John C. Foster, being the owner of the upper half of a survey of two-thirds of a league of land, on the twenty-seventh day of March, 1861, executed and delivered to S. A. Fairchild an instrument in form a deed, by which he purported to convey to the grantee three hundred and twenty acres of the tract, to be taken in a rectangular shape out of any

one of its four corners which Fairchild should select. It was also provided in the instrument that, in the event that Fairchild became dissatisfied with the premises, Foster was to "receive back the same," and to return Fairchild the purchase money which was paid in the transaction. On the twenty-fourth day of March, 1871, Fairchild (according to the statement of facts) made a conveyance to defendants in error "for said three hundred and twenty acres of land." It is to be presumed that this was merely a conveyance of such right as Fairchild had under the instrument originally executed to him by Foster, because it would seem that, up to this time, no selection had ever been made. This is shown by the fact that, in 1885, Leon & H. Blum designated the land they proposed to claim under these instruments, and had their designation made of record in LaSalle county, where the land is situate. The conveyances from Foster to Fairchild and from Fairchild to Blum were never recorded until the twenty-second day of October, 1881.

In 1882, plaintiffs in error purchased the entire upper half of the survey from the heirs of Foster, and took possession and enclosed that portion to which defendants in error have set up title under their designation. Defendants in error brought an action for the recovery of the land, to which plaintiffs in error pleaded not guilty and stale demand.

In the statement of the case we are given all the facts proved upon the trial, except that the portion of the survey which was not held by plaintiffs in error was shown to be enclosed by and in possession of C. & J. V. Shiner, who were setting up claim to it.

There has been no adverse possession for a sufficient length of time to establish the bar of the statute of limitations, and hence, if the instrument executed by Foster to Fairchild can be deemed a conveyance which passed the legal title of the land in controversy to the latter, there can be no doubt of the correctness of the judgment of the court below in favor of Leon & H. Blum. But the instrument in question can not be regarded, in our opinion, as conveying the legal title. It is true it has the conveying words of a deed, and purports to be a present conveyance, and not a mere promise to convey. But the terms of the instrument show that the title was not to pass as the immediate effect of the contract. Fairchild took title to no part of the land before selection. He only acquired a right to choose and designate a tract of three hundred and twenty acres, to be taken in a defined

shape, out of any one of the four corners of a larger tract. Until the designation was made, he clearly had no title to any specific tract. Nor did he have title to any undivided interest in the whole.

If the land had been capable of yielding an income, he could have claimed the rents and profits upon no part of it. It follows from what we have said that we are of opinion, until some tract was selected by the purchaser, he had a mere equitable right to make that selection and to compel a conveyance of the tract chosen by him. Such being the nature of the right transferred by Foster to Fairchild, and then by Fairchild to the Blums, we conclude that it does not differ essentially from any other executory contract, which is sought to be enforced in a court of equity after a lapse of twenty years from the time the right accrued.

No excuse having been offered or reason shown why neither Fairchild nor his vendees did not sooner make the selection to which he or they were entitled under the contract, we think the plea of stale demand should have been sustained to the action. (Watson v. Inman, 23 Texas, 531; DeCordova v. Smith, 9 Texas, 129; Glasscock v. Nelson, 26 Texas, 150; Smith v. Hampton, 13 Texas, 459; Flemming v. Reed, 37 Texas, 152.).

It is to be noted that, by the terms of the instrument, Fairchild, in the event he became dissatisfied with the purchase, had the right to abandon the contract and receive back his money. He set up no claim, paid no taxes, exercised no ownership, made no selection or demand under the contract (so far as the evidence disclosed), until he conveyed to the Blums. They did nothing until another ten years elapse, when the deed was recorded for the first time. Under these circumstances, we think it may reasonably be presumed that Fairchild had become dissatisfied and had demanded and received his money back, as the contract gave him a right to do.

For the reasons stated, we think the judgment is erroneous. It will accordingly be reversed and rendered in favor of plaintiffs in error for the land in controversy, and for all costs in this court and the court below.

*Reversed and rendered.*