## Rose Mass et al. v. M. Bromberg.

### Decided January 17, 1902.

**1.—Homestead—Community Property—Deed of Husband Alone.**

A deed by the husband alone conveying an undivided interest of 110 acres out of a tract of 310 acres, community property and occupied as a homestead, will pass the title to the interests so conveyed.

**2.—Same—Designation—Parol Partition—Pleading.**

A parol petition agreement made in good faith by the husband, that the 110 acres should be taken off the. south side of the tract, was binding on his wife, and in an action against her by the vendee to recover such part it was not necessary to allege a formal designation of the homestead prior to the husband's death. .

**3.—Same—Ratification by Wife—Heirs.**

The wife could ratify such agreement after the husband's death by accepting her homestead out of the remaining land,. and a ratification by the heirs of the husband was not necessary.

**4.—Same—Deed—Description—Undivided Interest.**

A deed conveying 110 acres out of the homestead tract of 310 acres, properly describing such 310-acre tract, is not void for insufficiency of description, but conveys an undivided interest of 110 acres with right reserved in the grantor to designate 200 acres thereof as his homestead.

**5.—Same—Adverse Possession—Limitations.**

The husband's title to the 110 acres having fully passed by virtue of his deed, his parol agreement of partition and the wife's ratification thereof, any possession of the 110 acres subsequently had by the wife and children was not under the deed to the husband, and they could claim by adverse possession against his vendee only under the ten years statute of limitations.

**6.—Same—Possession Not Adverse.**

Defendant's possession of plaintiff's land for ten years by virtue of an inclosure extending across the division line between them is not shown to be adverse where, during such possession, defendants declared that the part so across the line within their inclosure belonged to plaintiff.

**7.—Evidence—Witness—Pardon.**

Where a witness was objected to as incompetent, because convicted of a felony, testimony of a third person as to the existence and contents of a pardon restoring his competency was not admissible where no proper predicate had been laid for such secondary evidence.

Appeal from Houston. Tried below before Hon. John Young Gooch.

*J. W. Madden,* for appellants.

*Moore & Newman,* for appellee.

PLEASANTS, Associate Justice.—This is an action of trespass to try title brought by appellee against the appellants to recover a tract of 110 acres of land, a part of the David Childers 310-acre survey in Houston County. The trial in the court below resulted in judgment in favor of appellee for the land sued for, from which judgment this appeal is prosecuted.

Briefly stated, the material facts proven on the trial are as follows:

In 1883 Dick Mass, who is now dead, and the appellant, Rose Mass, owned as community property the David Childers 310-acre survey in Houston County, on which they had established their home. On November 22, 1883, Dick Mass, for a consideration of $100 cash paid to him by appellee, conveyed to appellee 110 acres out of said 310 acres survey, expressly reserving in said deed a homestead of 200 acres. The description of the land conveyed contained in the deed is as follows: "One hundred and ten acres of land, it being a part of my homestead tract of land which contains 310 acres, and the said 110 acres being the balance over and above a 200-acre homestead. Said land is situated in Houston County, Texas, about eighteen miles southeast of the town of Crockett, and is known as the David Childers headright survey, and the same on which I now reside, and for further particulars reference to the patent will show." It was agreed between said Dick Mass and appellee at the time the deed was executed or just after its execution that the 110-acres conveyed by the deed should be taken off the south end of the 310-acre tract. This deed was recorded on November 23, 1883, in the deed records of Houston County, and appellee has paid the taxes on said 110 acres regularly ever since his purchase of same. The 110 acres was not surveyed prior to the death of Dick Mass, which occurred in August, 1884. On September 14, 1885, appellant Rose Mass executed the following written agreement:

"The State of Texas, County of Houston.—Know all men by these presents, that I, Rose Mass, the surviving wife of Dick Mass, decd., have this day selected out of 310 acres of land my 200 acres as a homestead, and agree that Mr. M. Bromberg may survey the amount of land his deed calls for so as to respect my improvements as much as possible, respecting house and cleared land. I agree that the surveyor of Houston County, Texas, may at any time proceed to survey same. In making this selection it is expressly understood that I do not grant or transfer or convey any title that myself or any one of my heirs or anyone else may have in the matter of and concerning said land, but only select my homestead in order that same may be divided according to law and same be settled.

"Witness my hand this the 14th day of September, A. D. 1885.

her

(Signed) "Rose + Mass.

mark

Attest:
"R. L. Warren,
       her
"Was + Wortham."
     mark

In pursuance of this agreement and the prior agreement made with Dick Mass, appellee had his 110 acres surveyed off the south end of the 310-acre tract. As so surveyed the 110 acres contains from 15 to 30

acres of land which had been inclosed by Dick Mass, and a few acres of which had been cultivated by the appellants and the said Dick Mass prior to the execution of said deed. The 110 acres would have included more of the inclosed and cultivated land if taken out of any other part of the 310-acre tract. The north line of the 110-acre tract runs within twenty or thirty steps of the house in which appellants lived and have lived ever since Dick Mass purchased the property, and when this line was run an old stable and crib were found to be south of the line and on the 110-acre tract, but these improvements were moved by appellants after the survey was made and placed on the 200-acre tract. The appellants Iss and Jack Mass are the children of Dick Mass, deceased, the said Jack Mass being not yet 21 years old. Appellants have paid taxes on the whole of the 310-acre tract, and have had possession of a portion of said 110-acre tract ever since the death of Dick Mass.

The trial court finds in his conclusions of fact that the possession of the part of the 110-acre tract which has been held by the appellants since said tract was surveyed has not been adverse to the title of appellee, and the evidence in the record is sufficient to sustain this finding.

The first, second, third, and fourth assignments of error assail the ruling of the trial court in not sustaining defendants' exceptions to plaintiff's petition. The petition excepted to contains all the necessary allegations of a petition in action of trespass to try title, and in addition thereto alleges the purchase by plaintiff from Dick Mass of 110 acres of land out of the 310-acre survey, the agreement by said Dick Mass that said 110 acres should be taken off the south end of said 310-acre tract, the death of Dick Mass, the subsequent agreement of Rose Mass that said 110 acres should be surveyed off the south end of said 310-acre tract in accordance with the prior agreement of her said husband, and the ratification of said partition by all of the defendants, by removing their improvements off said 110-acre tract as so surveyed and designated. The exceptions urged to this petition were: 1. That it fails to show that the 110 acres of land from which plaintiff claims to have been ejected is the same land conveyed to him by Dick Mass. 2. It does not show what land was reserved in said deed as a homestead, nor does it show that the homestead of said Dick Mass and these appellants had been designated and set apart by him at the date of said deed for 110 acres, but same appears to have been done subsequent to the execution of said deed and is not shown to have been done by legal authority. 3. It is not shown whether the land was the separate property of Dick Mass or the community property of said Dick and Rose Mass, nor is it shown whether said Rose Mass ever administered upon the estate of Dick Mass, or qualified as the survivor of the community, or was otherwise legally authorized to make the agreement set up in the petition. 4. It is not shown how, where, when, or in what manner said alleged agreement was ratified by the defendants.

We are of opinion that the trial court properly overruled all of these exceptions. The deed from Dick Mass to plaintiff as set out in the

petition conveyed only an undivided interest of 110 acres in the 310-acre tract, and it clearly appears from the petition that the land from which plaintiff was ejected. is the land obtained by him through the deed from Dick Mass and the alleged partition agreements between plaintiff and the said Dick and Rose Mass. The parol agreement of Dick Mass as to what portion of the 310-acre tract should be held by plaintiff under his deed for 110 acres was a valid agreement for partition of the land, and it was unnecessary for the petition to allege a formal designation of the homestead prior to the death of Dick Mass. It was not required of plaintiff to show whether the land conveyed to him by Dick Mass was community property or the separate property of said Dick Mass, for in either event the deed of Dick Mass passed the title to same, and his parol agreement for partition was binding upon his wife and his heirs at law. We think the facts alleged show authority in Rose Mass to make the agreement alleged in the petition to have been executed by her. It is well settled that a parol agreement for the partition of land when acted upon by the parties is valid and binding, and the agreement of Dick Mass that the 110 acres conveyed by him to plaintiff should be taken off the south end of the 310-acre tract owned by him and the defendant Rose Mass at the time of said conveyance, unless made in fraud of the wife's homestead rights, was a valid agreement and gave the plaintiff the right to so locate his 110-acre tract. Aycock v. Kimbrough, 71 Texas, 333.

The wife being the only person who could attack said agreement as affecting her homestead right, was fully authorized after the death of her husband to ratify his previous agreement and to accept the homestead as designated by him. It was unnecessary for plaintiff to show any ratification of the partition by any of the defendants other than that of Rose Mass which is contained in the agreement alleged to have been executed by her, but the facts alleged show that the other defendants had ratified the partition by recognizing the agreed line and removing their improvements north of same. There is no merit in appellants' contention presented in the fifth assignment, that the deed from Dick Mass to plaintiff is void for insufficiency in description of the land attempted to be conveyed. The location and description of the 310-acre tract out of which the 110 acres were to be taken is given with accuracy and fullness, and the deed in express terms conveys all of said 310-acre tract except a homestead of 200 acres. It is unnecessary to cite authority to show that said deed conveys an undivided 110 acres of said 310-acre tract, reserving in the grantor the right to select and designate 200 acres of said 310-acre tract as his homestead.

Appellants' sixth assignment complains of the finding of the court below on the issue of limitation as being without any support in the evidence. Under our conception of the law applicable to the facts of this case, as before stated, the conveyance by Dick Mass to plaintiff of an undivided 110 acres out of the 310-acre tract, with the agreement that said 110 acres should be taken off the south end of the 310-acre

tract, and the subsequent ratification of said agreement by Rose Mass, put the title to the 110 acres surveyed and designated under said agreement in plaintiff, and any possession defendant may have had of any portion of said 110 acres since same was so surveyed has not been under the deed of Dick Mass by which the 310 acres were conveyed to him, because the title of said Mass under said deed to said 110 acres had been conveyed to plaintiff. No other deed to defendants for said 110 acres being shown, it is clear that if entitled to prescribe at all under the statutes of limitation they can only claim under the ten years statute, and in no event could hold more than that portion of the 110 acres actually inclosed by them.

While the apparent weight of the evidence sustains appellants' contention that they have held a small portion of this land adversely to plaintiff for more than ten years, there is evidence in the record to the effect that Rose Mass had stated within less than ten years before the institution of this suit that all of the land in her inclosure south of the line forming the north boundary of the 110-acre tract belonged to plaintiff. A similar statement is also shown to have been made by the defendant Iss Mass. This testimony is sufficient to sustain the finding of the trial court that defendants' possession of that portion of the 110 acres within their inclosure has not been adverse to plaintiff, and we would not be justified in disturbing such finding merely because it may seem to be against the preponderance of the evidence. The deed from Dick Mass did not convey any part of the homestead of Mass and his wife but expressly reserved same, and it was therefore unnecessary for her to join in the execution of the deed in order to pass the title to the undivided 110 acres out of the larger tract on which their homestead was situated. The right of the husband to abandon one homestead and acquire another can not be questioned, and as the greater always includes the less, it is equally clear that he can alter and change the actual boundaries of the homestead as his judgment may dictate to be for the best interest of the family of which he is the head, so long as he does not by such change defraud the wife of any of her homestead rights. Portwood v. Newberry, 79 Texas, 340. The uncontradicted evidence in this case shows that the 110 acres of land could not have been surveyed in any other way than that in which Dick Mass agreed that it should with less injury to the homestead, and it is not shown that the 200 acres north of the south line of said 110-acre tract is not as valuable land and as suitable for homestead purposes as any portion of land in said 110-acre tract. In addition to all this Rose Mass, who alone could complain of the act of her husband in making this change in the boundaries of their homestead, has ratified the same by an instrument in writing duly executed by her.

Appellants' twelfth assignment predicates error on the ruling of the trial court in not allowing appellants to show by the witness John Spence that he had procured a full pardon for one ―――― Mass, who was offered by appellants as a witness by whom they could have contradicted the

testimony of appellee's witness on the issue of the adverse possession of the land by the defendants. It was shown that the witness Mass had been convicted of a felony and sent to the penitentiary, and plaintiff objected to his testifying in the case until it was shown that his right to testify had been restored by pardon. Appellants then offered to prove by John Spence, Esq., that he had procured a pardon for said witness Mass and had read the same, and that it restored said Mass to all the rights of citizenship. The court did not err in sustaining appellee's objections to this testimony, because it was not the best evidence of the extent and character of the pardon, and no predicate was laid for the introduction of secondary evidence. All pardons are evidenced by written proclamation signed by the Governor, and such written instruments are the best evidence of their contents.

The remaining assignments only present in a different way the same questions discussed under the various assignments above considered, and it would be a useless repetition for us to present and consider them in detail. It is sufficient to say that none of the assignments in our opinion present any error, and that the judgment of the court below should be in all things affirmed, which is accordingly ordered.

*Affirmed.*