## GRAY et al. v. PRODUCERS' OIL CO. et al. (No. 7947.)

(Court of Civil Appeals of Texas. Galveston. Jan. 7, 1921.)

1. Deeds ☞93 — Fundamental rule of construction is to give effect to intention.

The most fundamental rule to be observed in the construction of a written instrument of any kind, as an instrument of conveyance, is to ascertain and give effect to the intention of the maker as shown by the language, and to give effect to every part of the writing, if possible without violence to the manifest intention evidenced by the instrument as a whole.

2. Deeds ☞114(5)—Conveyance of 2 acres out of 100 held to convey undivided interest, not mere right of selection.

Conveyance of 2 acres of 100 acres obtained of a third person, which 100 acres was to be made to the grantor in fee, the 2 acres to the grantee to be in fee with all warranties, for which the grantee was to pay $300 an acre, also vesting in the grantee a choice of location wherever he might choose within 30 days after development, *held* a deed conveying a present, undivided interest in the 100 acres, with right of selection, and not an executory contract of sale of 2 acres to be selected within the 30-day period, rights under which would lapse and be lost by failure to exercise such right of selection within the 30-day period.

Appeal from District Court, Harris County; J. D. Harvey, Judge.

Suit by W. H. Gray and others against the Producers' Oil Company and others. From judgment for defendants, plaintiffs appeal. Reversed and remanded.

Gill, Jones, Tyler & Potter, of Houston, for appellants.

T. J. Lawhon and Baker, Botts, Parker & Garwood, all of Houston, for appellees.

PLEASANTS, C. J.　The only question presented by this appeal is the proper construction of the following instrument:

"State of Texas, County of Harris.

"Whereas, G. L. Cash of Humble, Tex., has advanced to me, E. M. Wheeler, at various times the sum of fifty dollars to the amount of two hundred and fifty dollars.

"Be it now known to all men that I, E. M. Wheeler, do herein sell and convey to the said G. L. Cash two acres (2) of a certain one hundred acres, obtained of F. E. Coheler on the 18th day of November, 1904, which one hundred acres is to be made to said Wheeler in fee, and this two acres to said Cash is to be in fee with all warranties for which the said Cash is to pay for the same three hundred dollars per acre, making the sum of six hundred dollars for the two acres. This land the said Cash shall ·have his choice of location wherever he may choose within thirty days after development is made. To all of which I witness my hand this 28th day of April, 1905.

"[Signed]] E. M. Wheeler.

"Witnesses: B. A. Talbot.　P. O. Watson."

This instrument was proved for record by one of the subscribing witnesses on the 19th day of March, 1906, and filed for record the 20th day of March, 1906.

Appellants, who are the holders of whatever right or title Cash acquired by this instrument in the 100 acres of land therein described, brought this suit against the appellees in the form of an action of trespass to try title to recover the title and possession of an undivided 1/50 interest in the 100-acre tract, and also their proportionate share of a large quantity of oil alleged to have been taken from the land by the appellees.

In addition to the usual necessary allegations in an action of trespass to try title, plaintiffs pleaded their title, and after setting out the above instrument the petition alleges:

"That the said conveyance, by its terms, passed and conveyed to the said G. L. Cash the fee title to 2 acres of the 100 acres hereinabove described, and extended the privilege to the said G. L. Cash to select the said 2 acres according to his choice within thirty days after development was made thereon, meaning development of oil by Wheeler on an adjacent tract, as the land was then regarded as oil land and said larger tract was being exploited by the said Wheeler for the discovery of oil; that oil in paying quantities was afterwards discovered thereon in October, 1905, by Wheeler, and the right then accrued to the said G. L. Cash and his assigns to make a selection of the 2 acres to which the deed gave him the right, but as a matter of fact the said ·Cash did not exercise the right of selection within the time provided in said deed, and as a consequence the said deed had the general legal effect of conveying to the said Cash an undivided interest in the said 100-acre tract; that by the terms of said instrument, the actual title in fee to an undivided interest of two acres in said 100-acre tract was conveyed to the said Cash, and that at the date of such conveyance the said Wheeler in fact owned said lands by written contract of conveyance, conditioned on the discovery of oil by him on the adjoining tract, which afterwards ripened by the said discovery of oil into an absolute title in the said Wheeler, and if it should be held that the title in the said Wheeler at the time and date of said conveyance was not absolute, then these plaintiffs allege that the after-acquired title of the said Wheeler inured to the benefit of the said Cash by estoppel and by force of conveyance from Wheeler above referred to and by the fact of Wheeler's actual interest and rights extended at the time of the date and execution of said deed from Wheeler to Cash."

It is further alleged that the 100 acres referred to in this instrument are fully identified and described in the conveyance or contract to convey executed by F. E. Coheler on the 18th day of November, 1904, as stated in said instrument.

"Plaintiffs further represent that the purchase money recited to be thereafter payable by Cash to Wheeler has long since been paid

off and discharged, and that by force of said instrument the said Cash acquired the full and perfect title to an undivided 1/50 interest in said 100-acre strip, said 100-acre strip being fully described in the deed from Koehler (Coheler) to Wheeler, referred to in said deed from Wheeler to Cash, as of date the 18th day of November, 1904, and said description is referred to herein and adopted."

The defendants in the court below excepted generally and specifically to plaintiff's petition on the ground that the instrument set out in the petition under which plaintiffs claim title is not an executed contract or deed conveying title to land, but is an executory contract of sale of 2 acres of land out of a tract of 100 acres with the right to select the 2 acres within 30 days after such right of selection should accrue to the grantee under the provisions of said instrument, and it appears from the allegations of the petition:

"That said right of selection under the terms of said instrument did accrue to plaintiffs and their predecessors in title, and that the same was not exercised within said 30-day period, but that said right has wholly lapsed and is lost; wherefore, defendant says that said instrument, as a matter of law, does not at this time confer any right, title, or interest on plaintiffs in and to the land and premises sought to be recovered in this suit, and will not support plaintiffs' action to recover said land or any interest therein, and of this it prays judgment of the court."

When these exceptions were submitted, plaintiffs agreed that, if defendants' construction of the instrument pleaded by plaintiffs was correct, the general demurrer to the petition should be sustained.

After hearing the exceptions and the arguments of the attorneys thereon, the trial court sustained the exceptions, and, plaintiffs declining to amend, their suit was dismissed.

Under appropriate assignments of error the appellants assail the ruling of the court construing the instrument on which their claim of title is based to be an executory contract to convey and not a deed conveying a present interest in the land.

While the question is not, in view of the broad expressions in some of the opinions of our Supreme Court construing instruments purporting to convey a named acreage out of a large tract of land, and giving the right of selection to the grantee, free from doubt, we have reached the conclusion that the assignments should be sustained.

[1] The most fundamental rule to be observed in the construction of a written instrument of any kind is to ascertain and give effect to intention of the maker as shown by the language of the instrument, and in doing this to give effect to every part of the writing if this can be done without violence to the

227 S.W.—16

manifest intention evidenced by the instrument as a whole.

[2] If the right of selection had not been given by this instrument, under a well-settled rule of decision in this state it would operate to pass an undivided interest of 2 acres in the 100-acre tract described in the instrument. This was first decided in this state in the case of Wofford v. McKinna, 23 Tex. 36, 76 Am. Dec. 53, in which our Supreme Court, speaking through Chief Justice Wheeler, says:

"A grant by the owner of a certain number of acres in a particular tract, would confer a right of election upon the grantee, and authorize him to locate the quantity in any part of the tract he saw proper to elect, upon the principle that a conveyance must be held to pass some interest, if such effect may be given to it, consistently with the rules of law, and that, if uncertain or ambiguous, it must be construed most strongly against the grantor."

This decision has been followed in a number of subsequent cases, among which are the following: Henderson v. Beaton, 1 Posey, Unrep. Cas. 17; Blackburn v. McDonald, 1 Posey, Unrep. Cas., 355; Slack v. Dawes, 3 Tex. Civ. App. 520, 22 S. W. 1053; Mass. v. Bremberg, 28 Tex. Civ. App. 145, 66 S. W. 468; Byrn v. Kleas, 15 Tex. Civ. App. 205, 39 S. W. 980; Fontaine v. Bohn, 40 S. W. 637; Wing v. Red, 145 S. W. 301.

The cases following Wofford v. McKinna have not gone to the extent of holding that a grantee in this character of deed would have an absolute right of selection when no such right was given by the instrument of conveyance, and as we now understand the rule such an instrument passes to the grantee a present undivided interest in the larger tract equal to the number of acres conveyed, and in the absence of an express grant of the right of selection the grantee's right to appropriate any specific portion of the larger tract would be governed by the rules generally applicable to tenants in common.

Such being the effect of the instrument considered independently of the clause granting the right of selection, how can it be logically or reasonably held that by adding the privilege to the grantee to select his interest out of the larger tract his title to an undivided interest is destroyed? It seems to us that no such interpretation should be given the opinions of our Supreme Court in the cases of Dull v. Blum, 68 Tex. 299, 4 S. W. 489, and Hanrick v. Gurley, 93 Tex. 458, 54 S. W. 347, 55 S. W. 119, 56 S. W. 330, which are relied on by appellees to sustain the judgment of the trial court.

The instrument in the Dull Case purported to convey to the grantee 320 acres of land to be taken in a rectangular shape out of any of the four corners of the upper half of a survey of two-thirds of a league of land own-

ed by the grantor. The instrument further provided that in case the grantee should become dissatisfied with the premises the grantor would receive back the same and return the purchase money. In construing this instrument, the court held:

"But the instrument in question cannot be regarded, in our opinion, as conveying the legal title. It is true it has the conveying words of a deed, 'and purports to be a present conveyance, and not a mere promise to convey. But the terms of the instrument show that the title was not to pass as the immediate effect of the contract. Fairchild took title to no part of the land before selection. He only acquired a right to choose and designate a tract of three hundred and twenty acres, to be taken in a defined shape, out of any one of the four corners of a larger tract. Until the designation was made, he clearly had no title to any specific tract. Nor did he have title to any undivided interest in the whole."

We think it clear that this instrument could not be given the effect of a deed conveying a present interest in the land for two obvious reasons: First, it did not describe the land it purported to convey with sufficient certainty to identify it, and until a selection was made by the grantee the instrument as a deed could not apply to any definite portion of the larger tract; and, second, by the express terms of the instrument it was clearly not the intention of the grantee to convey an undivided interest in the larger tract.

When this instrument is thus analyzed, the language of the great jurist who wrote the opinion in the case cannot be interpreted as announcing the arbitrary and unreasonable rule that a right of selection given the grantee in a deed conveying an undivided interest in land renders the deed inoperative. It is to be noted that this opinion does not refer to the case of Wofford v. McKinna, and the rule of construction announced in that case was evidently not regarded as involved in the Dull Case.

The instrument under consideration in the case of Hanrich v. Gurley was clearly insufficient as a deed because of uncertainty in the description of the larger body or bodies of land out of which it purported to convey 5,000 acres, and the only enforceable right of the grantee was to have the instrument declared an executory contract and by extrinsic evidence establish his claim to an interest in the lands in the controversy, and this is what the opinion of the court holds.

In the case of Waterhouse v. Gallup, 178 S. W. 773, this court had under consideration the effect of an instrument purporting to convey 2,030 acres of land "lying and being situated in Angelina county, Tex., it being a part of the B. X. Mudd survey and to be taken from the three tracts of land on said survey, which said three tracts of land were conveyed by B. X. Mudd to John Worden on the 20th day of January, A. D. 1840, and by said Worden conveyed to Richard Waterhouse, Jr., on the 24th day of June, A. D. 1867." In construing this instrument this court said:

"It will be observed that the sale was not of a tract of land containing a certain number of acres, but of a stated number of acres on the Mudd league. If a person owning a large tract of land, the location and boundaries of which are known and defined, conveys to another a certain number of acres on or out of such larger tract without further describing or identifying the land sold, we think the deed should be held to convey an undivided interest in the larger tract proportionate to the acreage conveyed and that contained in the larger tract. If not so construed, nothing would pass by such a deed, and, when a deed or contract is reasonably susceptible of a construction which would make it valid and binding, that construction should be given it rather than one which would render it void.

"We think the conveyance in this case is distinguishable from that construed in the cases of Dull v. Blum, 68 Tex. 299, 4 S. W. 489, and Hanrick v. Gurley, 93 Tex. 470, 54 S. W. 347, 55 S. W. 119, 56 S. W. 330. The deed in each of these cases, when construed as a whole, clearly shows that it was not the intention of the grantor to convey an undivided interest in the tract of land described in the deed, but a specific tract to be selected by the grantee out of said larger tract described in the deed. The holding in those cases that the deeds, though in form a present conveyance of title, were in fact only contracts to convey when a selection in accordance with the terms of the deed should be made by the grantee, should not be applied to the conveyance in this case. The rule announced in the case of Dohoney v. Womack, 1 Tex. Civ. App. 362, 20 S. W. 951, is, we think, the correct rule to follow in this case."

The deed under consideration in the case of Dohoney v. Womack, 1 Tex. Civ. App. 354, 19 S. W. 883, 20 S. W. 950, contained the following description of the land it purported to convey:

"All my right, title, and interest in and to 100 acres of land, to be selected by him, the said John W. Woolridge, out of any part of a certain tract or parcel of land belonging to me, containing 825 acres, lying in said county of Lamar, north from the city of Paris, on Red River, of the headright of one Fulton."

The Court of Civil Appeals for the Second District in construing this instrument says:

"We think a proper construction of the instrument gives it the effect of a conveyance of an undivided interest of 100 acres in the share of Archie Womack in the 825-acre tract, with the privilege of selecting—whether valid or not —superadded. We cannot distinguish it in principle from the conveyance of an undivided half, third, or other fractional interest, coupled with the privilege of selecting it out of certain specified parts of the land. We are of opinion that the courts of Massachusetts and California,

and doubtless of other states, have announced the correct rule, which may be stated thus: When a deed conveys a certain number of acres, without describing the land conveyed, to be taken out of a larger tract described, the grantee becomes by his deed a tenant in common, having a fractional interest represented by a fraction whose denominator is a number equal to the number of acres in the larger tract described, and whose numerator is a number equal to the number of acres conveyed. The grantee acquires such fractional interest in every acre of the larger tract. Wallace v. Miller, 52 Cal. 655; Lawrence v. Ballou, 37 Cal. 518; Schenk v. Evoy, 24 Cal. 104; Gibbs v. Swift, 12 Cush. 377, 378; Brown v. Bailey, 1 Metc. [Mass.] 254. In the last case cited, in which a one-fifth interest in a homestead tract of land was devised, to be taken when the devisee should choose, Chief Justice Shaw, delivering the opinion of the court, said: 'These words do not constitute a condition precedent to the vesting of the estate, but a right or privilege superadded to the devise, to be exercised or not, at the will of the devisee, upon partition. Consequently Mather (devisee) became entitled as tenant in common under the devise upon the decease of his father (devisor).' We conclude that the deed in question conveyed such interest in the land as should have been disposed of in the partition suit. It is not believed that this conclusion is necessarily in conflict with Dull v. Blum, 68 Tex. 299 [4 S. W. 489], though one or two expressions in the opinion in that case might be construed to announce a different rule. We adopt the entire opinion heretofore rendered in this case; accordingly, the judgment will be reversed and the cause remanded for further proceedings in accordance with the opinion here announced and adopted."

A writ of error was refused by the Supreme Court in each of the cases cited, and while it is true, as contended by appellees, that the decision of the Court of Civil Appeals in the Dohoney Case was not dependent upon the correctness of this construction of the deed, and therefore a refusal of the writ was not an affirmative approval by the Supreme Court of that portion of the opinion, we cannot believe, in view of the importance of the question, that court would have permitted the opinion to stand unchallenged if it had been contrary to the decisions in the cases of Dull v. Blum and Hanrick v. Gurley.

In the Waterhouse Case the question was necessarily involved in the refusal of the writ of error by the Supreme Court.

But whether or not these cases can be regarded as conclusive, the views expressed in the opinions cited seem to us to be logically sound and should be adhered to until expressly overruled by a decision of our Supreme Court.

It follows from these conclusions that the judgment of the court below should be reversed and the cause remanded, and it has been so ordered.

Reversed and remanded.